UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

14-CR-20357-SCOLA

UNITED STATES OF AMERICA

v.

CHRISTIAN DUME, *et. al*.

    Defendant.

_____/

**SENTENCING MEMORANDUM**

    Mr. Christian Dume, through undersigned counsel, files the following sentencing memorandum. Mr. Dume respectfully suggests that the goals of sentencing, as articulated in 18 U.S.C. § 3553, would be satisfied by a sentence below the advisory guideline range. In considering the § 3553(a) factors, the Court is directed to "**impose a sentence sufficient, but not greater than necessary**" to fulfill the goals of 18 U.S.C. § 3553(a)(emphasis added); *see also United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2nd Cir. 2006)("if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher").

    The pre-sentence investigation report ("PSI") calculates Mr. Dume's guideline range for imprisonment as 121 -145 months (or ten to twelve

years). Strict adherence to the guidelines would produce an absurd result and would result in a patently unreasonable sentence.

The Guidelines are arbitrary and are not based on any sort of objective, social science or empirical guide to what sentences should be. That is especially true in the area of white-collar offenses. The history and development of the guidelines in white-collar cases illustrates that it was not based on past history, good social science or criminology, or anything other than a political race to the bottom to see who could be tougher on crime.

United States District Judge Jed Rakoff revealed the "travesty of justice that sometimes results from the guidelines' fetish with abstract arithmetic, as well as the harm that guideline calculations can visit on human beings if not cabined by common sense." *United States v. Adelson*, 441 F.Supp.2d 506, 511 (S.D.N.Y. 2006). Judge Rakoff described, in the Court's Sentencing Memorandum, the absurdity of a government attorney blindly adhering to the "prevailing policy" of the Department of Justice seeking "a guideline sentence" when it was obvious that other important factors under § 3553(a) would not support the lengthy term of imprisonment under the Guidelines.

In a keynote address at the National Institute on White Collar Crime conference sponsored by the American Bar Association, Judge Rakoff called

2

for white collar offense guidelines to be "scrapped in their entirety" in favor of a "non-arithmetic, multi-factor test". In this discussion, Judge Rakoff stated that the guidelines emphasis on losses in white-collar crimes has led to irrational results. Judge Rakoff argued that the "fundamental flaw" of the guidelines is they assume every situation can be distilled into a number for the purpose of then calculating a sentence. He called the numbers assigned to various situations arbitrary and unreasonable. Specifically, he asserted "[t]he Sentencing Commission to this day has never been able to articulate why it has two points for this, or four points for that," he said. "These are just numbers. And yet once they are placed the whole thing is blessed and said to be rational."

## Victim Enhancement

Paragraph 62 of the PSI enhances Mr. Dume six levels because the offense involved 250 or more victims. In identity theft cases, any person whose identifying information is used is considered a victim. *See United States v. Hall*, 704 F.3d 1317 (11th Cir. 2013). However, in this matter the only "victim" who suffered any harm is Verizon. Yet, the six-point enhancement increases Mr. Dume's incarceration range by 4-5 years.

Realistically speaking, the account holders in this matter cannot be considered victims because they had no knowledge, for the most part, that

their accounts had been compromised and had no pecuniary losses. The Guidelines address this issue in U.S.S.G. § 2B1.1, Note 20(C). Application Note 20(C) states that a downward departure may be warranted where "the loss amount is substantial but diffuse, with relatively small loss amounts suffered by a relatively large number of victims." Here, the "victims," other than Verizon, suffered zero loss. In fact, the reason the scheme was successful was because Mr. D. Katsabanis was able to cancel the newly added users before the legitimate account holders got any notice.

Moreover, unlike a traditional 18 U.S.C. § 1028A case, nothing else was done with the sensitive information. False income tax returns were not filed. False credit cards were not obtained. No one's credit was ruined. Therefore, adding the significant guideline range of imprisonment to the consecutive 2-year mandatory minimum attached to 18 U.S.C. § 1028A is essentially punishing Mr. Dume twice for the same conduct.

<u>Loss: Verizon Recovered Many of the Phones</u>

The greater of the intended loss and the actual loss is the loss amount that is used for Guideline purposes. U.S.S.G. § 2B1.1, Note 3(A). However, the reality is that substantial cash and 183 phones were recovered, compensating Verizon for its loss. 183 iPhones at $450 per phone equals $82,350.

### Mr. Dume has accepted responsibility and is remorseful.

Mr. Dume did not post bond and voluntarily stayed incarcerated largely because he had accepted his fate and was ready to pay the consequences. This is evidence of an individual who is remorseful and is accepting responsibility. He eventually bonded out after five months to see his elderly grandmother, to get married, and to see his wife's newborn child before finishing his incarceration.

### Overrepresentation of criminal history

Mr. Dume's PSI criminal history category is a category III.  His four criminal history points result from two misdemeanor DUI's and the fact that he was on probation for the second DUI when he committed the instant offense.  While DUI's are certainly very serious, undersigned believes they fall in a different class of crimes than the instant offense. The two convictions are indicative of a substance abuse problem.  As indicated in the PSI, Mr. Dume has come to terms with the fact that he needs help and welcomes the drug and alcohol program offered by the Bureau of Prisons. Accordingly, a category III criminal history category overstates Mr. Dume's criminal record.

## Attempt to cooperate

Mr. Dume has been completely cooperative and honest with law enforcement from the earliest stages of this investigation. Through counsel, he notified the government of his willingness to candidly speak with them. He was eventually fully debriefed by the government and remains willing to assist it. Yet, for whatever reasons the government chose not to file a motion to reduce his sentence. Perhaps, had the litigation gone differently the government may have decided he could be helpful to them.

WHEREFORE, Mr. Dume respectfully requests that this Court sentences him to an amount of incarceration below his guideline range.

Respectfully submitted,

JOHN W. WYLIE, P.A.
s/ John W. Wylie_____
Attorney: John W. Wylie, Esq.
Florida Bar No. 0133817
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone:  (305) 358-6767
Fax:          (305) 358-6765

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via EM/ECF this 16th day of December, 2014.

s/ John W. Wylie
John W. Wylie
